UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSAYED HADIEL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>DIVERSIFIED CONSULTANTS, INC., d/b/a DIVERSIFIED CONSULTANTS INTERNATIONAL,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ELSAYED HADIEL (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant DIVERSIFIED CONSULTANTS, INC., d/b/a DIVERSIFIED CONSULTANTS INTERNATIONAL, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking

redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located in Jacksonville, FL.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 24,

2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to TIME WARNER CABLE; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding potential IRS tax consequences.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are

   entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **ALLEGATIONS PARTICULAR TO ELSAYED HADIEL**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to June 24, 2016 , an obligation was allegedly incurred by Plaintiff.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, TIME WARNER CABLE, directly or through an intermediary, contracted Defendant to collect on alleged debt owned by TIME WARNER CABLE.

18. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on June 24, 2016.  (**Exhibit A**).

19. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. Said communication states that the creditor to whom the debt is owed is TIME WARNER CABLE.

21. Said Communication further states that the Current Balance Due: $201.24.

5

22. Said Communication further states that the Total Debt Due As of Charge-Off: $111.24

23. Said communication further states that the "total interest accrued since charge-off: N/A."

24. Said communication further states that the "Total non-interest charges or Fees Since charge-off: N/A."

25. Said communication further states that the " Total of Payments made on the debt since charge-off: N/A."

26. As set forth in the following Counts, Defendant's communication violated the FDCPA.

## First Count
## Violations of 15 U.S.C. § 1692g
## Validation of Debts

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. One such request is that the debt collector provide "the amount of debt." 15 U.S.C. § 1692g(a)(1).

30. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

31. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

32. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

33. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

34. Defendant's letter fails to clearly and explicitly state the amount due.

35. Defendant's letter lists in the top right hand corner of the letter that the "Current Balance" is $211.24.

36. Defendant's letter also provides a detachable slip to provide payment with the "Amount Due" listed as $201.24.

37. However, Defendant's letter also states in a large grid going across the beginning of the letter that "Total Debt Due As of Charge-Off: $111.24"

38. Defendant's letter states, "Total Interest Accrued Since Charge-Off: N/A" in same grid.

39. Defendant's letter states, "Total Non-Interest Charges or Fees Since Charge-Off: N/A" in same grid.

40. Defendant's letter states, "Total of Payments Made On the Debt Since Charge-Off: N/A" in same grid.

41. Defendant's letter identifies a larger "Current Balance" than the "Total Debt Due As Of Charge-Off."

42. Defendant's letter fails to show interest or fees that explain an increase in the amount.

43. The least sophisticated consumer would be confused as to the amount due in order to pay off the debt.

44. The least sophisticated consumer would be confused as to how the "Current Balance" increased from the "Charge-Off Amount."

45. Defendant failed to explicitly state the amount of debt.

46. Defendant failed to clearly state the amount of debt.

47. Defendant has violated §1692g as it failed to clearly and explicitly convey the amount of debt.

48. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

49. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## Second Count
## Violation of 15 U.S.C. § 1692e(2)
## False or Misleading Representations Regarding Amount of Debt Due

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

51. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

53. Where a material statement can be read more than one way, one of which being incorrect, the collection letter is false or misleading.

54. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

55. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the amount of debt is unfair and deceptive to the least sophisticated consumer.

56. Here, Defendant increased the amount due while stating there was no interest of fees accrued to the original amount.

57. The least sophisticated consumer could read the collection letter to mean the Total Debt Due As of Charge-Off amount to be the amount that satisfies the debt.

58. The least sophisticated consumer could read the collection letter to mean the Current Balance amount to be the amount that satisfies the debt.

59. Only one of the two readings can be correct.

60. The least sophisticated consumer would likely be misled by Defendant's conduct.

61. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

62. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

    (b)    certifying Plaintiff as Class representative, and Abraham Hamra, Esq., as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 30, 2016

Respectfully submitted,

By: /s/ Abraham Hamra
Abraham Hamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Abraham Hamra*
Abraham Hamra, Esq.

Dated: December 30, 2016